**Akash JAIN, Plaintiff,**

v.

**FORD MOTOR CREDIT COMPANY and Matthew L. Copeland, Defendants.**

**No. 95 CV 3790.**

United States District Court, E.D. New York.

July 29, 1997.

John Pontisakos,, Ready & Pontisakos, Garden City, NY, for plaintiff.

Charles C. Davis, Jr., Williams & Harris, New York City, for defendants.

## *ORDER*

GERSHON, District Judge:

In September 1995, plaintiff filed this personal injury action against defendants Matthew Copeland and Ford Motor Credit Company. At a January 24, 1997 pre-trial conference, the parties were given a fixed trial date of April 7, 1997.

At a final pre-trial conference held on April 3, 1997, four days before the trial was scheduled to begin, counsel for the defendants asked for a postponement of the trial date. In response to this application, I asked plaintiff's counsel whether he too had reason to seek a continuance. Throughout the final pre-trial conference, I gave plaintiff's counsel multiple opportunities to present arguments in support of an adjournment of the trial, and plaintiff's counsel chose to remain silent on that issue.[1] I then denied defense counsel's application for an adjournment and directed that the trial would go forward as scheduled on April 7th.

On the day following the final pre-trial conference, a Friday, at the very end of the

---

1. The transcript of the colloquy reads:

[COUNSEL]: At the moment, Judge, I don't have any applications. However, I think in discussing this briefly with [defense counsel] before you came out, it appeared that may be a small glimmer of hope of possibly settling the case today.

We have had an opportunity to review everything. Obviously we still have differing and divergent views on the case itself.

THE COURT: Before we talk about settlement, I'd like to know what your position is with regard to the various applications that the defendant has made.

[COUNSEL]: Well, I don't know that what we have here is not what we knew before.... But if I can just digress again for a moment—

THE COURT: You're not seeking any adjournment of the trial date?

[COUNSEL]: Well, in response to his—no. But before I would make any kind of applications, I'd like to perhaps see if we can short-circuit all of this and maybe talk for a few minutes and see if the case will resolve itself.

THE COURT: I will get to that. I want to know if there are—I'm here ready to try this case on Monday morning and to pick a jury. I don't want to have a discussion with you about settlement and then there is no settlement and then you tell me, oh, by the way, I also don't want to go to trial on Monday for this reason or that reason. I want to know all the applications now.

[COUNSEL]: Well, would we be able to confer with you separately before I discuss that?

THE COURT: No. I'm going to trial in this case on Monday unless I have a good reason not to. I have had two applications from the defendant. I'd like to know what the posture of this case is.

\* \* \* \* \* \*

[COUNSEL]: My concern, Judge, is wittingly or unwittingly, I wouldn't want to say something right now that might affect our ability to dispose of the case today. I think that's why I would prefer to do it the other way around.

THE COURT: You can stand mute to the defendant's applications but I don't want to hear something different later. Do you want to stand mute to the applications? Fine.

[COUNSEL]: I'm concerned. If I could throw out a hypothetical. If I turned around now and said that I likewise would like an adjournment on this, maybe we're going to be in a situation where the interest in resolving the case would go away and it would be a self-defeating event.

Transcript of April 3, 1997, at pp. 8–11.

work day, plaintiff's counsel called my chambers and informed my courtroom deputy that plaintiff had traveled to India and would not return in time for the start of the trial. My courtroom deputy then attempted to contact counsel for the defendants to notify him of this information, but was unable to reach him.

On April 7th, defendants' counsel appeared in court prepared for trial. By contrast, plaintiff's counsel declared that the trial could not go forward because his client had left the country. He further stated that he had been trying to locate plaintiff since March 28, 1997; that he had hired an investigator to locate plaintiff; and that the investigator had determined on the Wednesday *preceding* the final pre-trial conference that plaintiff had in fact departed for India to attend to an unspecified family emergency.[2] Finally, plaintiff's counsel stated that he had advised plaintiff of the scheduled trial date well in advance of plaintiff's decision to travel to India. Presented with this information, for the reasons stated on the record, I dismissed the action with prejudice[3]

2. Even though the parties conducted extensive settlement discussions between the final pre-trial conference and the scheduled trial date, throughout that time plaintiff's counsel failed to inform defense counsel that plaintiff likely would be unavailable for trial.

3. I explained my decision to dismiss the action as follows:

THE COURT: Counsel, I have considered the circumstances before me and at this time I am going to dismiss this action with prejudice.

Since the plaintiff himself was notified two months ago of the trial date, his failure to be available without ever notifying the Court, is a classic case of failure to prosecute. *Link v. Wabash,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734.

This plaintiff has had a fair chance to be heard in court and has had notice of a firm trial date for over two months. Something I should note that is something of a luxury in court but something that we—I tried to do as an advantage to parties so that they can plan their—parties and lawyers—so that they can plan their lives.

I have a list of trial ready cases with plaintiffs eager to be heard. They too have been injured by the conduct of plaintiff and his attorney.

I have also considered the opinion of the Second Circuit in *Dodson v. Runyon,* 86 F.3d

Given plaintiff's counsel's failure to promptly and candidly advise the court and opposing counsel of his client's likely unavailability for trial, I also advised the parties that I would consider imposing monetary sanctions pursuant to 28 U.S.C. § 1927, (former) Local General Rules 5(b) and 5(c), and Local Civil Rule 22 (now renumbered Local Civil Rule 47.1), and instructed the parties to submit papers on the issue of monetary sanctions. On June 10, 1997, I notified counsel in writing that I would also consider imposing sanctions pursuant to the inherent power of the court, and I gave them the opportunity to submit additional papers addressing whether sanctions should issue pursuant to that authority.

### *Application for Reconsideration*

Plaintiff's counsel now seeks reconsideration of the dismissal of this action. He argues, first, that the case should not be dismissed because, at the time of the final pre-trial conference, it was his "hope and expectation" that plaintiff would return in time for trial. This argument is unavailing

37 (2d Cir.1996). That case dealt with what [*sic*] a motion to dismiss for failure to prosecute and I don't know the extent to which the principles underlying that case would be applicable with the same force to a case of this kind where a plaintiff fails to show up for trial, but assuming they do, I am satisfied that considering—the circumstances and the factors emphasized in *Dodson,* that dismissal with prejudice is appropriate here. In *Dodson,* the circuit emphasized the importance of evaluating the client's role in failing to prosecute a case and here the plaintiff has had a significant role and, therefore, dismissal is appropriate.

The prejudice to defendant here is patent. I denied defendant's request for adjournment on Thursday, which was April 3rd. The plaintiff points to that denial as a reason for not finding prejudice. The contrary is true. Defendant's counsel represents that they have spent the days since Thursday preparing for trial. Very significantly when the defendants requested an adjournment and I solicited the plaintiff's views, plaintiff's counsel stood mute, even knowing his client was in India and that he had not been able to speak to him and, therefore, did not know whether he would be back in this country for trial.

Under all of these circumstances, I don't believe that any lesser sanction would be adequate.

Transcript of April 7, 1997, at pp. 11–13.

for two reasons: To begin with, whatever counsel's expectations were, plaintiff failed to appear for trial. Dismissal is appropriate on that ground alone. *See* note 3.

Moreover, the record belies plaintiff's counsel's recent assurances that he believed his client would appear at trial. The transcript of the final pre-trial conference establishes unequivocally that plaintiff's counsel declined to reveal his client's trip to India because he hoped to extract an eleventh-hour settlement from the defendants on the basis of their seemingly unilateral need for a postponement. That is, his silence was caused by his desire to mislead the defendants, and not by any confidence in plaintiff's imminent return. Accordingly, his assertion now that he acted honorably then provides no ground for reconsidering the dismissal of this action.

▇ Plaintiff's counsel also argues that dismissal is inappropriate because counsel acted diligently in moving the case along prior to the date of the trial. However, counsel's conduct in this case prior to the final pre-trial conference does not excuse his conduct at that time.

In sum, after fully considering the arguments of plaintiff's counsel, plaintiff's application for reconsideration of the dismissal of this action is denied.

### Sanctions

For the reasons and pursuant to the authority set forth below, I order plaintiff's counsel to pay reasonable costs and attorneys' fees to the defendants, and to pay to the court the cost of one day's attendance of the thirty-five jurors who were called to appear for this case.

### Reasonable Costs and Attorneys' Fees

▇ 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In this case, through his willful and guileful silence, plaintiff's counsel knowingly induced opposing counsel to devote numerous weekend hours to preparation for a trial that was destined not to begin. By

withholding the fact of his client's unavailability, which effectively rendered the action defunct, plaintiff's counsel acted in bad faith to unreasonably prolong the resolution of this case. Accordingly, the issuance of sanctions is appropriate under Section 1927.

▇ Because of its potency, the court's inherent power to sanction must be exercised with restraint; accordingly, I have looked first to statutory and rules authority in sanctioning plaintiff's counsel. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 50, 111 S.Ct. 2123, 2135–36, 115 L.Ed.2d 27 (1991). However, assuming *arguendo* that Section 1927 does not contemplate the imposition of sanctions for the kind of conduct that is involved in this case, sanctions are proper pursuant to the court's inherent power. *Id.*

▇ It is well established that a court may, under its inherent power to supervise and control its own proceedings, impose costs and attorneys' fees against an attorney who has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Int'l Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir.1991) (internal quotations omitted); *see Chambers,* 501 U.S. at 50, 111 S.Ct. at 2135–36. Sanctions made pursuant to the court's inherent power are not appropriate unless the challenged actions are "entirely without color" and motivated by improper purposes, such as harassment or delay. *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.,* 55 F.3d 34, 38 (2d Cir.1995). Stated differently, an award made pursuant to the court's inherent powers is proper when an attorney's actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose...." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). The conduct of the attorney, and not the strength of his or her client's case, is the determinative factor in the decision whether to impose sanctions. *See Int'l Bhd. of Teamsters,* 948 F.2d at 1345

In this case, plaintiff's counsel's conduct was indefensible and in bad faith. Knowing full well that defense counsel would need the entire span of time between the final pre-

trial conference and the scheduled start of trial to prepare to go forward, plaintiff's counsel chose—both at the final pre-trial conference and throughout later settlement discussions with defense counsel—to withhold the fact of his client's unavailability. Indeed, even after informing the court on the evening of April 4th that the trial could not go forward because of plaintiff's departure for India, plaintiff's counsel failed to notify defense counsel that they need not continue their preparations for trial. As discussed above, plaintiff's counsel's silence was motivated by his desire to beguile the defendants into an eleventh-hour settlement.

■■■■ For these reasons, plaintiff's counsel is ordered to reimburse the defendants for the expenses of trial preparation, which would not have occurred had plaintiff's counsel not withheld that the trial would not go forward. Specifically, he is ordered to pay the defendants for the 74.7 hours spent by the two law partners for the defense on trial preparation following the final pre-trial conference, as well as the 8.1 hours spent by an associate, at the discounted rates charged to defendant Ford Motor Company of $150.00 per hour for partners and $135.00 per hour for associates. That sum comes to $12,298.50 in fees.[4] Given counsel's background and experience, these rates are clearly reasonable; defendants' request for fees higher than those paid is rejected.

Plaintiff's counsel argues that an award to defendants would be punitive to him and provide a windfall to defendants. He further argues that the number of hours spent in trial preparation by defendants' lawyers exceeded "what is typical in this type of case." These arguments misperceive the purpose of sanctions, which is not to punish, but rather to compensate the defendants for expenses they would otherwise not have incurred. As for the number of hours spent, defendants note that plaintiff here sought very substantial damages and that significant trial preparation was required. Upon review of the

hours expended, I am satisfied that they are amply justified.

Finally, plaintiff's counsel states that he seeks a hearing as to the amount of attorneys' fees to be awarded but offers no reason to hold such a hearing. Plaintiff's counsel was provided with defendants' counsel's internal billing records and had a full opportunity to challenge them. To the extent that he has done so, the challenges have been addressed in this decision. No issues requiring an evidentiary hearing were presented.

Plaintiff's counsel must also reimburse the defendants for out-of-pocket expenses which would not have been incurred but for his conduct, such as photocopying costs, long distance bills, travel expenses to and from the courthouse on the day set for trial, and the cost of ordering the transcript of the April 7th proceeding, all of which were incurred after the final pre-trial conference. Those out-of-pocket expenses total $183.86. Defendants' request that the costs of deposition transcripts be borne by plaintiff's counsel is denied.

The total of the attorneys' fees and out-of-pocket expenses to be paid by plaintiff's counsel to the defendants is therefore $12,482.36.

### Cost to the Court of the Attendance of Jurors

■■■ In addition to the burden imposed on defense counsel, plaintiff's counsel's conduct caused unnecessary costs to the court. Local Civil Rule 22 (now renumbered Rule 47.1) permits the court to "assess the parties or counsel with the cost of one day's attendance of the jurors if a case is settled after the jury has been summoned or during trial, the amount to be paid to the clerk of the court." *See, e.g. Dunin v. 49th Street Operating, Inc.,* No. 87 CV 3750, 1991 WL 17281 (E.D.N.Y. Feb. 7, 1991) (Glasser, J.). Although this case did not "settle" after the summoning of the jury, but rather was dismissed, the principles underlying the Rule are fully applicable here. The Rule reflects the concern that counsel not waste the re-

---

4. Defense counsel also seek payment for the two hours spent by one of the firm's partners at the final pre-trial conference itself. Because defense counsel's participation at the final pre-trial conference was not made necessary by plaintiff's counsel's conduct, those two hours have been deducted from the monetary sanctions awarded.

sources of the court and the community by acting in a way that results in the needless calling of jurors. It is unnecessary to decide whether or not Rule 47.1 can be applied, for if it cannot, the same sanction can be imposed under the court's inherent power.

Accordingly, whether under Rule 47.1 or the inherent power of the court, I hereby order plaintiff's counsel to pay to the Clerk of the Court the cost of one day's attendance of the jurors. In this case, thirty-five jurors were called, at a cost to the Court of forty dollars per juror. In sum, plaintiff's counsel is ordered to pay $1400 to the Clerk of the Court.

### CONCLUSION

Plaintiff's complaint is dismissed.

Plaintiff's counsel shall pay $12,482.36 to the defendants in costs and attorneys' fees, and $1400 to the Clerk of the Court for one day's attendance of the jurors.

**SO ORDERED.**